IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER GLASS, ) | |
| Reg. No. 23934-001 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-1208-WKW |
| ) | |
| COMMISSIONER KIM THOMAS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Christopher Glass ("Glass"), an indigent inmate, initiated this 42 U.S.C. § 1983 challenging the constitutionality of his confinement in the state prison system. The order of procedure entered in this case specifically directed Glass to immediately inform the court of any change in his address. *January 15, 2015 Order - Doc. No. 12* at 5.

The court recently issued an order a copy of which the Clerk mailed to Glass. The postal service returned this order because Glass no longer resided at the address he had last provided to the court. In light of the foregoing, the court entered an order requiring that on or before February 6, 2015, Glass inform the court of his present address. *January 27, 2015 Order - Doc. No. 14*. The order specifically advised Glass that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in a Recommendation that this case be dismissed. *Id*. The court has received no response from Glass to the aforementioned order nor has he provided

the court with his current address as required by the order of procedure.

As is clear from the foregoing, Glass has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that Glass is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 4, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and,

therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of February, 2015.

>/s/ Wallace Capel, Jr.
>WALLACE CAPEL, JR.
>UNITED STATES MAGISTRATE JUDGE